IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RONALD VEAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-350-F |
| | ) | |
| JUSTIN JONES, DIRECTOR, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Mr. Veal seeks habeas relief for alleged violations arising from a disciplinary conviction, and the Respondent seeks dismissal on grounds of mootness.  The Court should grant the Respondent's motion.

Background

Prison officials charged Mr. Veal with a "Class X" offense for violation of Department of Corrections ("DOC") Policy OP-060125, Section 02-9.  Petition for a Writ of Habeas Corpus U.S.C. 2241, Attachment III, Exh. A (Apr. 4, 2008).  On the day of the disciplinary hearing, the charge was amended to a violation of Section 02-20, a "Class A" offense.  *See* Respondent's Response to Writ of Habeas Corpus with Motion to Deny and Brief in Support, Exh. 2 (Apr. 25, 2008).  Mr. Veal was found guilty and sanctions were imposed.  *Id.*  The Petitioner alleges:

- deprivation of procedural due process when prison officials disallowed an opportunity to present witnesses on the amended charge and

•    insufficiency of evidence for the disciplinary conviction.

Petition for a Writ of Habeas Corpus U.S.C. 2241 at pp. 1, 3-6 (Apr. 4, 2008).

Subsequent to the filing of the habeas petition, the DOC set aside the conviction and ordered a rehearing.  Respondent's Motion to Dismiss as Moot, Exh. 1 (Sept. 30, 2008).  The rehearing has not yet taken place.

<u>Mootness</u>

The habeas petition should be dismissed on grounds of mootness.

I.    <u>Standard for Dismissal on Grounds of Mootness</u>

A habeas corpus petition is moot when "it no longer presented a case or controversy under Article III, § 2, of the Constitution."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  A live case or controversy requires the parties to retain a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. at 7 (citation omitted).

II.    <u>Mootness of the Habeas Petition</u>

In the order for a rehearing, DOC Director Designee Debbie Morton stated: "[T]he finding of the hearing officer is set aside and a reinvestigation and rehearing is ordered."

2

Respondent's Motion to Dismiss as Moot, Exh. 1 (Sept. 30, 2008).  Mr. Veal argues that the petition is not moot because:

- the rehearing did not grant a full remedy,

- "collateral consequences" remain despite the order for a rehearing, and

- the order for a rehearing would not prevent repetition of the same misconduct in the future.

Petitioner's Response to Respondent's Motion to Dismiss as Moot, *passim* (Oct. 20, 2008). The Court should reject the Petitioner's arguments.

      A.    <u>The Scope of the Remedy Provided to Mr. Veal</u>

In the petition, Mr. Veal requests dismissal and voidance of the disciplinary conviction.  Petition for a Writ of Habeas Corpus U.S.C. 2241 at pp. 4, 6 (Apr. 4, 2008).[1] The order for a rehearing expressly set aside the findings of the hearing officer, providing Mr. Veal with the precise relief that he had requested.  *See* Respondent's Motion to Dismiss as Moot, Exh. 1 (Sept. 30, 2008).

---

[1]    In the petition, Mr. Veal states:

- "This offense report . . . should be set aside and considered void,"

- "Petitioner has shown that the [offense report] is not correct and, therefore, must be voided," and

- "Petitioner requests this Court issue an order Dismissing this 02-20 offense [report] as Due Process was not provided."

Petition for a Writ of Habeas Corpus U.S.C. 2241 at pp. 4, 6 (Apr. 4, 2008).

Counsel for Mr. Veal argues that he had requested expungement of the conviction and restoration of lost time and privileges that had been imposed as sanctions. Petitioner's Response to Respondent's Motion to Dismiss as Moot at p. 3 (Oct. 20, 2008). But Mr. Veal did not request these remedies in his habeas petition. *See supra* p. 3 n.1.

B.      Collateral Consequences of the Disciplinary Conviction

According to the Petitioner, the disciplinary conviction resulted in:

- demotion to level one, which affected visitation rights and the ability to earn good time credits[2] and participate in certain programs and

- postponement of the parole hearing date.

Petitioner's Response to Respondent's Motion to Dismiss as Moot at pp. 3-5 (Oct. 20, 2008). Mr. Veal argues that these consequences remain despite the order for a rehearing, preventing dismissal of the action. *Id.* This argument should be rejected.

Impact of Collateral Consequences and Allocation of the Burden

Mr. Veal could avoid mootness if the disciplinary conviction continued to create collateral consequences after it had been set aside.[3] On this issue, the Petitioner bears the burden of proof. *See United States v. Meyers*, 200 F.3d 715, 722 (10th Cir. 2000) (stating

---

[2]      Mr. Veal also refers to a "loss of earned credits." Petitioner's Response to Respondent's Motion to Dismiss as Moot at p. 4 (Oct. 20, 2008). But the disciplinary conviction did not result in the removal of any earned credits. *See* Respondent's Response to Writ of Habeas Corpus with Motion to Deny and Brief in Support, Exh. 2 at p. 11 (Apr. 25, 2008).

[3]      *See Oyler v. Allenbrand*, 23 F.3d 292, 294 (10th Cir. 1994) ("An exception to the mootness doctrine occurs . . . in instances where collateral consequences from a judicial decision give a party a sufficient stake in the outcome of the case." (citation omitted)).

that the party seeking to avoid mootness, based on collateral consequences, bore the burden

of proof); *see also United States v. Vera-Flores*, 496 F.3d 1177, 1181 (10th Cir. 2007)

("Where direct injury is absent and there is no presumption that collateral consequences arise

from erroneous district court action,[4] the appellant bears the burden of demonstrating

sufficient collateral consequences to avoid dismissal for mootness." (citations omitted)).

This burden has not been met.

<u>Demotion to Level One</u>

According to the Petitioner, his disciplinary conviction resulted in demotion to level

one.  Petitioner's Response to Respondent's Motion to Dismiss as Moot at pp. 3-4 (Oct. 20,

2008); *see supra* p. 4.  But the Petitioner has not established that he would have kept his level

two status but for the disciplinary conviction.

The Consolidated Record Card reflects demotion to level one on May 9, 2007, prior

to the disciplinary conviction, as the result of an adjustment review.  *See* Respondent's

Response to Writ of Habeas Corpus with Motion to Deny and Brief in Support, Exh. 1 at p. 2

(Apr. 25, 2008).  Five days later, authorities independently ordered demotion to level one for

a period of 60 days as a sanction for the disciplinary conviction.  *Id*., Exh. 2 at p. 11.

According to Mr. Veal, he would not have been demoted to level one but for the disciplinary

---

[4]      A presumption of collateral consequences does not exist in prison disciplinary proceedings.
*See Wilson v. Terhune*, 319 F.3d 477, 481 (9th Cir. 2003) ("We . . . decline to apply the presumption
of collateral consequences to prison disciplinary proceedings." (citation omitted)); *see also Diaz v.
Duckworth*, 143 F.3d 345, 346 (7th Cir. 1998) (holding that a habeas petitioner, rather than the state,
bore the burden of proving collateral consequences because "it cannot be said that most prison
disciplinary sanctions . . . 'in fact entail adverse collateral legal consequences'").

conviction.  Petitioner's Response to Respondent's Motion to Dismiss as Moot at p. 3 (Oct. 20, 2008).  But he has not satisfied his burden of proof on the issue.

The record reflects two separate official actions which resulted in Mr. Veal's demotion to level one.  One involved the adjustment review before the disciplinary proceeding, and the other involved a sanction from a disciplinary conviction.  *See supra* pp. 5-6.  According to Mr. Veal, nullification of the disciplinary conviction did not result in restoration of his level two status for an unspecified period of time.  *See supra* p. 4.  But, one would not have expected restoration of level two status because that had been independently lost prior to the misconduct hearing as a result of the adjustment review.  *See* Okla. Stat. tit. 57 § 138(B).  Thus, the Petitioner has not demonstrated that the demotion to level one was a collateral consequence of the disciplinary conviction rather than a product of the adjustment review on May 9, 2007.[5]

A similar issue arose in *Wilson v. Terhune*, 319 F.3d 477 (9th Cir. 2003).  There officials found a state prisoner guilty of misconduct and downgraded his classification.  *See Wilson v. Terhune*, 319 F.3d at 478, 482.  By the time that he filed a federal habeas petition, none of the disciplinary penalties were still in place.  *See id.* at 479.  On appeal, the petitioner argued that his unfavorable classification remained a "collateral consequence" of the disciplinary conviction.  *See id.* at 480.  The Ninth Circuit Court of Appeals held that the

---

[5]      *See Fratis v. Ortiz*, 190 Fed. Appx. 686, 688 (10th Cir. Aug. 4, 2006) (unpublished op.) (holding that a prisoner's challenge to a disciplinary conviction became moot during the action based on her failure to demonstrate collateral consequences from the loss of good time).

petitioner had not satisfied his burden of proving the collateral consequence because authorities were entitled to downgrade his classification based on the underlying conduct rather than the disciplinary conviction. *Id*. at 480, 482.

*Wilson v. Terhune* is persuasive in light of the similarity in facts. Under Oklahoma law, continued placement at level two would have required Mr. Veal to satisfy multiple conditions, including "cooperative behavior toward facility staff . . . ." Okla. Stat. tit. 57 §138(D)(3)(c); *see also* Department of Corrections - Policies and Procedures, OP-060107 at p. 3 (stating the requirements for level two, including maintenance of "a good attitude and relationship with staff").[6] Even if Mr. Veal were not guilty of a disciplinary offense, authorities could have determined that he had failed to cooperate with staff. The existing record does not reflect the reason for the decision at the adjustment review to demote Mr. Veal to level two. But, officials obviously did not make that decision based on the disciplinary conviction because it had not yet taken place. As in *Wilson v. Terhune*, the petitioner has failed to prove that the downgraded classification was the product of the disciplinary conviction.

---

[6]     This policy is not in the record. However, in objecting to dismissal, Mr. Veal relied in part on the policy. Petitioner's Response to Respondent's Motion to Dismiss as Moot at p. 4 n.1 (Oct. 20, 2008).

<u>Postponement of the Date for a Parole Hearing</u>

The Petitioner also argues that his disciplinary conviction resulted in postponement until 2016 of his next parole hearing date.  Petitioner's Response to Respondent's Motion to Dismiss as Moot at pp. 3-4 (Oct. 20, 2008); *see supra* p. 4.  This argument is invalid.

For this argument, Mr. Veal points to his "Consolidated Record Card."  Petitioner's Response to Respondent's Motion to Dismiss as Moot at pp. 3-4 (Oct. 20, 2008).  This document does not reflect postponement of parole consideration, but the Court may assume *arguendo* that he will not become eligible until 2016, as he asserts.  Mr. Veal had earlier submitted a copy of the Consolidated Record Card which showed initiation of the 60-year sentence on April 27, 2006.  Petition for a Writ of Habeas Corpus U.S.C. 2241, Attachment III, Exh. D (Apr. 4, 2008).  Another version of the Consolidated Record Card reflects prior felony convictions involving burglary in the second degree and receipt of stolen property.  Respondent's Response to Writ of Habeas Corpus with Motion to Deny and Brief in Support, Exh. 1 (Apr. 25, 2008).[7]  Thus, under Oklahoma law, Mr. Veal would be ineligible for parole until he has served at least ten years or 1/3 of the 60-year sentence.  *See* Okla. Stat. Ann. tit. 57 § 332.7(G) (2008 supp.).  Because the shorter period is ten years, Mr. Veal would be required by Oklahoma law to serve at least ten years to become eligible for parole.  *See id.*

---

[7]      In state court, the Oklahoma Department of Corrections presented evidence of prior felony convictions involving first-degree robbery by force, larceny of merchandise from a retailer, second-degree burglary, and receiving stolen property.  Defendant's Motion to Dismiss and for Sanctions and Brief in Support, Exh. A, *Veal v. Oklahoma Department of Corrections*, Case No. CJ-2007-9287 (Okla. Co. Dist. Ct. Nov. 30, 2007).

As noted above, Mr. Veal did not begin serving his current sentence until 2006. *See supra* p. 8. Thus, he would not become eligible for parole until 2016. His parole eligibility date is dictated by Oklahoma statute and is not related to the disciplinary conviction.

C.      Potential Recurrence of the Alleged Violation

Finally, Mr. Veal argues that the order for a rehearing would not prevent repetition of the constitutional violation "in the future." Petitioner's Response to Respondent's Motion to Dismiss as Moot at pp. 6-7 (Oct. 20, 2008) (citations omitted); *see supra* p. 3. This argument is misguided.

A case will not be dismissed on grounds of mootness if "the issue is deemed a wrong capable of repetition yet evading review [or] the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time." *R.W. Investment Company v. United States Forest Service*, 511 F.3d 1103, 1107 (10th Cir. 2007), *cert. denied*, __ U.S. __, 128 S. Ct. 2484 (2008).

Mr. Veal contends that the DOC's decision to order a rehearing was "highly suspect" because "[i]t was [entered] only after counsel for DOC [had been] informed by the Court that a second motion to dismiss, raising arguments previously waived-including the argument that the failure to provide witnesses did not affect the outcome of the hearing-would not be viewed favorably . . . ." Petitioner's Response to Respondent's Motion to Dismiss as Moot at pp. 6-7 (Oct. 20, 2008). According to the Petitioner, the order for a rehearing constituted an effort to circumvent the officials' waiver of "the 'same result' argument . . . [and] there

is a danger that the violation will occur again in the future." *Id.* at p. 7. The argument is invalid.

Mr. Veal's contention turns on the likelihood that the alleged constitutional violation would occur again in the rehearing.[8] The Court has no reason to believe that a constitutional infirmity would take place in the rehearing. Mr. Veal alleged in the habeas petition that he had no opportunity to call witnesses on the amended disciplinary charge. *See supra* pp. 1-2; *infra* pp. 10-11 n.9. At a scheduling conference, Respondent's counsel asked for an opportunity to file a motion to dismiss even though he had already responded on the merits of the habeas petition.[9] Upon inquiry, the attorney stated that he wished to argue that the witnesses would not have affected the outcome. The Court did not prohibit the attorney from presentation of evidence on this issue. Instead, the Court simply expressed reluctance to allow the filing of a motion to dismiss after the attorney had already responded on the merits.

The existing record does not disclose the reason for the administrative decision to order a rehearing. Regardless of the reason, however, the present issue is whether

---

[8]     *See Shawnee Tribe v. United States*, 423 F.3d 1204, 1213 n.8 (10th Cir. 2005) ("mootness exceptions exist only for *likely* recurrences-such as where a defendant voluntarily ceases the challenged action but is likely to return to earlier practices" (emphasis in original)).

[9]     At the scheduling conference, the Respondent's attorney stated that Mr. Veal had waited until his reply brief to allege an inability to utilize witnesses in the disciplinary hearing. This statement was incorrect. In the habeas petition, Mr. Veal alleged that authorities "would not allow [him] to amend/change [his] witness list nor pertinent information requested from witnesses," that he had "not [been] allowed to call or request witness statements in regard to the new charge," that "Petitioner was not allowed to seek or request new witnesses," and that "Petitioner was not allowed to call or get relevant witness statements." Petition for a Writ of Habeas Corpus U.S.C. 2241 at pp. 1, 3, 6 (Apr. 4, 2008); *see supra* pp. 1-2.

administrative officials would likely violate the federal constitution in the new hearing.  *See supra* p. 10.  There is no reason to believe that officials would do so even if Respondent's counsel had instigated the administrative reversal in an effort to circumvent an adverse ruling at the scheduling conference.  In these circumstances, the possibility of constitutional violations in the rehearing would not preserve a live case or controversy and the present action is moot.  *See United States v. Libretti*, 153 F.3d 729, 1998 WL 458557, Westlaw op. at 3 (10th Cir. July 31, 1998) (unpublished op.) ("conjectural and speculative" possibilities are insufficient "to overcome the mootness doctrine").

     D.    <u>Summary</u>

The order for a rehearing has provided Mr. Veal with the precise relief he had requested in his habeas petition and he has not demonstrated collateral consequences from the disciplinary conviction or likely recurrence of the constitutional violations.  Accordingly, no live case or controversy exists and the Court should dismiss the habeas petition on grounds of mootness.

<u>Notice of the Right to Object</u>

The parties can object to the present report and recommendation.  Any such objection must be filed with the Clerk of this Court by January 11, 2009.  *See* W.D. Okla. LCvR 72.1.  The failure to timely object would foreclose appellate review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d

1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate

judge's recommendation are deemed waived.").

Status of the Referral

The referral is terminated.

Entered this 22nd day of December, 2008.

Robert E. Bacharach
United States Magistrate Judge